# INDIVIDUAL PRACTICE RULES OF MAGISTRATE JUDGE JAMES M. WICKS

*United States District Court*
*Eastern District of New York*
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722
Chambers: (631) 712-5620
Fax: (631) 712-5627
Courtroom Deputy: Doreen Flanagan:
Tel.: (631) 712-5625
Law Clerks:  Joseph Pizzingrillo and Diana Nelson
Wicks_Chambers@nyed.uscourts.gov

**Effective April 26, 2021, reflecting changes as of November 7, 2024**

# TABLE OF CONTENTS

| Topic | Subtopic | Rule | Page |
|---|---|---|---|
| **Communications with Chambers** | Telephone Calls | 1A. | 1 |
| | Letters | 1B. | 1 |
| | Faxes | 1C. | 1 |
| | Requests for Adjournments or Extensions of Time | 1D. | 1 |
| | Expectations for Remote Appearances | 1E. | 2 |
| **Court Filings** | Electronic Case Filing | 2. | 2-3 |
| **Motions** | Discovery and Other Non-Dispositive Motions | 3A. | 3 |
| | Dispositive Motions | 3B. | 3 |
| | General Motion Practices for Motions Made on Notice-Not Letter Motions | 3C. | 3-5 |
| | Submission of Dispositive Motions for Consent Cases | 3D. | 5-6 |
| | Motions Implicating Fed. R. App. P. 4(a)(4)(A), etc. | 3E. | 6-7 |
| | Motions for Admission "Pro Hac Vice" | 3F. | 7 |
| **Depositions** | | 4 | 7 |
| **Settlement Conferences** | Requests for Settlement Conference | 5A. | 8 |
| | Confidential Submissions | 5B. | 8 |
| **Pre-Trial Procedures in Cases Assigned to Judge Wicks for All Purposes** | Joint Pretrial Orders | 6A. | 8-10 |
| | Filings Prior to Trial | 6B. | 10 |
| **Conferences** | Initial Conferences | 7A. | 11 |
| | Final Pre-Trial Conferences | 7B. | 11 |
| **Social Security Appeals** | Briefing Schedule, Filing, and Courtesy Copies | 8A. | 11 |
| | Stipulation of Facts | 8B. | 11-12 |
| **Pronouns and Honorifics** | | 9. | 12 |

Unless otherwise ordered,[1] all matters before Judge Wicks shall be conducted in accordance with the following practice rules:

1. **Communications with Chambers**

    A. *Telephone Calls*

    Telephone calls to Chambers are permitted so long as counsel for all parties are on the line, subject to the rules set forth below in Rule 1.D. All questions regarding docketing, scheduling or criminal matters should be directed to the Courtroom Deputy, Doreen Flanagan. Other questions should be directed to the Law Clerks at the main Chambers number above. Parties appearing *pro se* should not call Chambers, but rather should call the *pro se* office ((631) 712-6060) with any inquiries.

    B. *Letters*

    All letters sent to the Court are to be filed via ECF (*see* Rule 2 below) unless otherwise directed by the Court. There shall be no *ex parte* submissions to the Court, with the exception of the confidential settlement materials outlined in Rule 5.B, *infra*.

    C. *Faxes*

    Faxes to Chambers are not permitted without prior authorization.

    D. *Requests for Adjournments or Extensions of Time*

    All requests for adjournments or extensions, absent an emergency, shall be made **in writing at least two (2) business days prior to the scheduled appearance**. Further, all requests for adjournments or extensions of time must state: (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether those previous requests were granted or denied, (4) **the reason(s) why an adjournment or extension is necessary**, and (5) whether all parties consent (including reasons why any party is withholding consent). Both requests for adjournments and for extensions of time **must** be filed through ECF as "MOTIONS." If the requested adjournment or extension affects any other scheduled date, a proposed revised date(s)/briefing schedule must be provided.

---

[1] Requests for reasonable accommodations on account of disability or religion with respect to the Court's rules or in connection with any proceeding before Judge Wicks may be emailed to chambers. Counsel and parties are also invited to inform the Court of preferred pronouns. *See* Rule 9, *infra*.

    **E.**    *Expectations for Remote Appearances*

The Court expects counsel to demonstrate the same professionalism for virtual appearances as they would for in-person appearances. This includes (i) appropriate attire as if appearing in person in court, (ii) appropriate video background, (iii) ensuring before the assigned conference time that the technology necessary for the appearance is sufficient and functioning properly so that the Court may hear and see those appearing; (iv) ensuring the full name of the attorney and whom they represent appears on screen; and (v) appearing on the Zoom at least 10 minutes prior to the conference's start time.

**2. <u>Electronic Case Filing ("ECF")</u>**

    **A.**    Regardless of the District Judge assigned, **all documents** directed to Magistrate Judge Wicks in civil actions MUST be filed electronically, with a limited exception as stated in Rule C below. ECF procedures are available on the Court's website http://www.nyed.uscourts.gov. Questions regarding ECF filing or training should be directed to Grisel Ortiz in Central Islip at (631) 712-6031, or Evelyn Levine in Brooklyn at (718) 260-2312.

    **B.**    Hard copies or courtesy copies *generally* do not need to be sent to Chambers, with the following exceptions: (1) where a letter motion with exhibits or attachments exceeds 20 pages, or (2) motions referred from District Court Judges or motions on notice made to Magistrate Judge Wicks. All such papers must be clearly marked "Courtesy Copy" and indicate that the original was filed by ECF.

    **C.**    The following documents are exempt from electronic filing and should only be filed in hard copy:

        **1.**    Documents filed subject to a court-ordered confidentiality agreement.

        **2.**    *Ex parte* settlement or mediation statements submitted in accordance with Rule 5.B, *infra*.

        **3.**    Litigants proceeding *pro se* are exempt from ECF requirements. Parties represented by counsel, however, must file documents electronically, even in *pro se* cases. Counsel must also provide copies of any electronically filed documents to *pro se* litigants. *Pro se* litigants are directed to make any filings via hand delivery or U.S. mail to the designated "*Pro Se* clerk" in the Clerk's office, to the attention of Magistrate Judge Wicks and the appropriate District

> **4.** Judge, *and* by delivering a copy to the attorney for the opposing party. Court orders will be provided to *pro se* litigants by U.S. mail at the current address listed on the docket sheet. *Pro se* litigants must keep current contact information on file with the Court, or risk dismissal of claims or other sanctions. All *pro se* litigants and represented parties opposing *pro se* litigants are directed to the relevant Local Civil Rules, including 12.1, 33.2, and 56.2

3. <u>**Motions**</u>

    A. *Discovery and Other Non-Dispositive Motions*

    **Discovery motions** may be made by letter motion, pursuant to Local Civil Rules 37.1 and 37.3, and filed electronically as a "MOTION." No pre-motion conference is required. Unless the Court orders otherwise, the length of the papers shall be as follows: Letter motions shall not exceed 1,500 words double spaced including footnotes, in length, exclusive of attachments. A response not exceeding 1,500 words double spaced including footnotes, in length, exclusive of attachments, must be served and filed within four (4) days of receipt of the letter motion. **Replies are not permitted on letter motions**. Parties must make a good faith effort, pursuant to Local Civil Rule 26.4 and 37.3(a), to resolve disputes **before** making a motion. There will be no oral argument on letter motions unless the Court orders otherwise. Any motion seeking (i) a **stay of discovery**; (ii) the **sealing** of court documents; or (iii) **other non-dispositive relief**, such as motions for leave to amend, shall be made in accordance with Rule 3.C, *infra,* and not by letter motion under this rule.

    B. *Dispositive Motions*

    **Dispositive motions** must be made to the presiding District Judge in conformance that Judge's Individual Rules, unless the parties have consented to Magistrate Judge Wicks for all purposes in accordance with 28 U.S.C. § 636 (c)(1). For any dispositive motion that is to be made before Judge Wicks -- either for a Report and Recommendation or for all purposes in a consent case -- service of the pre-motion letter motion within the time requirements of Fed. R. Civ. P. Rules 12 or 56 shall constitute timely service of a motion made pursuant to those provisions.

    C. *General Motion Practices for Motions Made on Notice (Not Letter Motions)*

    1. <u>*Service and filing*</u>:

        A. *Bundle Filing with Chambers*: Once a motion is fully briefed (all papers are served), then each party must email its own respective papers to Chambers on the bundle filing date set by the Court—the date that the last moving paper was served. This Rule is subject to Rule 3.E, *infra.*

**B.** *Bundle Filing on ECF*: The parties shall have all motion papers prepared for bundle filing on the date the last paper is served upon one another. At that point, the parties shall engage in the following staggered filing process: the movant shall file its own motion papers on ECF by 5:00 p.m. on the bundle file date; the party opposing the motion shall then file its opposition on ECF by 5:00 p.m. on the next business day; and replies, if any, shall then be filed on ECF one business day after the opposition is filed, also by 5:00 p.m. The parties shall comply with this staggered bundle filing procedure for filing their motion papers on ECF unless ordered otherwise by the Court.

**C.** The parties are to set their own briefing schedule which is then to be submitted to the Court for approval. No revisions to the schedule will be made without the Court's approval. Such applications for further revisions shall be made pursuant to Rule 1.D, *supra.*

**D.** Each party shall be responsible for filing its own motion papers via ECF on the date the reply brief is scheduled to be filed or any return date stated in the approved briefing schedule. Parties are to confer to ensure that all papers are being filed on the same day.

**E.** Any documents that are e-filed as exhibits to ECF must clearly identify and describe the document being filed. For example, if Exhibit A is a contract, the title of the e-filed attachment shall be "Exhibit A – Contract between _____ and _____," and not simply "Exhibit A."

2. *Memoranda of Law:*

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 6,500 words double spaced including footnotes, and reply memoranda are limited to 2,500 words double spaced including footnotes. All memoranda shall contain both a table of contents and a table of authorities. The word count limitations are exclusive of tables of contents and authorities. Case citations must contain pinpoint cites. All memoranda of law must use one-inch margins, double spacing, and 12-point font. Legal arguments must be set forth in a memorandum of law; affidavits or declarations containing legal argument will be rejected. *See* EDNY Local Civil Rule 7.1. **Any memoranda, affidavits, or declarations not complying with the requirements set forth herein will be rejected.**

3. *Courtesy Copies:*

   After electronic filing, one hard copy of the motion papers, marked as "Courtesy Copy," should be submitted to Magistrate Judge Wicks, unless the Court orders otherwise. Courtesy copies of dispositive motions made to the District Judge should **not** be provided to the Magistrate Judge.

4. *Oral Argument on Motions:*

   Where the parties are represented by counsel, oral argument may be held on motions made on notice (as opposed to Letter Motions, *see* Rule 3.A), if either party requests oral argument or the Court orders oral argument. Within one week of filing fully briefed motions, the parties are to confer with each other and contact the Court to set a mutually acceptable date for oral argument. If multiple counsel appear for the same party, then counsel are permitted to "split" the argument among themselves. The Court also encourages active participation in oral arguments by junior lawyers.

D. ***Submission of Dispositive Motions in Cases Where the Parties Have Consented to Have Magistrate Judge Wicks for All Purposes***

   1. *Pre-motion Conference:*

      Prior to filing a motion dispositive motion returnable before Judge Wicks, the parties are required to submit a letter of no more than 1,000 words double spaced, including footnotes, in length (1) requesting a pre-motion conference, (2) briefly outlining the motion, and (2) stating the relief sought by the motion. The parties must also submit a proposed briefing schedule that has been agreed upon by the parties, which may be attached to the letter and shall not count toward the word count. The briefing schedule is subject to approval by the Court and no papers may be filed until such approval is given. No opposing letter shall be filed unless (1) relief is being sought by that party through a cross-motion, in which case the letter must be filed within two (2) business days of the movant's letter, or (2) the motion is one for summary judgment, in which case a premotion letter response must be filed in accordance with Rule D.1.3 infra.

      Counsel should note that, in appropriate cases, the pre-motion letter along with counsel's argument at the pre-motion conference, may be construed, at the discretion of the Court, as the motion itself. Arguments not raised in the premotion letters or during the pre-motion conference shall be deemed waived. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011)

5

    (upholding construction of pre-motion letter as motion).

    For the purposes of time requirements for the filing of answers and motions under FRCP 12(a) and 56(b), as well as motions under 28 U.S.C. § 1447(c), a pre-motion conference letter will be considered the equivalent of the motion itself.

  2.   *Summary Judgment*:

    A.   All motions for summary judgment must comply with Rule 56 of the Federal Rules of Civil Procedure as well as Local Civil Rule 56.1 ("Rule 56.1"). If the non-movant is proceeding *pro se*, the movant must also comply with Local Civil Rule 56.2.

    B.   *56.1 Statement:* Along with the pre-motion letter described above, a party moving for summary judgment must also include a Local Civil Rule 56.1 Statement containing evidentiary citations. The moving party's failure to comply may constitute grounds for striking the Local Civil Rule 56.1 Statement and/or the denial of the summary judgment motion.

    C.   *56.1 Response:* Within fifteen (15) days of the filing of the Local Civil Rule 56.1 Statement and the pre-motion conference letter, the party opposing summary judgment shall file a premotion letter response and Local Civil Rule 56.1 Response containing evidentiary citations. The non-moving party's failure to comply may constitute grounds in the striking the Local Civil Rule 56.1 Response, deeming matters admitted and/or granting the summary judgment motion. To the extent the party opposing summary judgment presents additional paragraphs as set out in Local Rule 56.1(b), the moving party shall file a response to these additional paragraphs containing evidentiary citations within seven (7) days. Any failure to so respond may constitute grounds for deeming matters admitted and/or denying the summary judgment motion.

    Counsel should note that, in appropriate cases, the 56.1 statements and the premotion letters along with counsel's argument at the pre-motion conference, may be construed, at the discretion of the Court, as the motion itself. Arguments not raised in the pre-motion letters or during the pre-motion conference shall be deemed waived. S*ee In re Best Payphones, Inc., supra*.

**E.** ***Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules***

    If any party concludes in good faith that delaying the filing of a motion, in order to

6

comply with any aspect of these individual practices (*see* Rule 3.C1.A, *supra*) will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

    **F.**    *Motions for Admission "Pro Hac Vice"*

A motion for admission *pro hac vice*, together with a proposed order admitting the attorney *pro hac vice*, shall be served and filed electronically at least seven (7) days prior to the return date designated in the notice of motion. Although there is no need to file a memorandum of law, **this motion must comply with Local Civil Rule 1.3.** These motions will be on submission. If any party objects to the motion, opposition papers must be served and filed at least two (2) days prior to the return date. No reply papers are permitted. Failure to comply with this or Local Civil Rule 1.3 will result in denial of the motion.

**4. <u>Depositions</u>**

    **A.** If contested issues arise during the course of a deposition, the parties must first make a good faith attempt to resolve the dispute among themselves. If a resolution cannot be achieved thus necessitating court intervention, then pursuant to Local Rule 37.3(b), the parties are directed to contact the Court immediately by telephone. If the deposition is being conducted virtually, the Court *may* request the parties to forward a link to join. The Court will either resolve the issue during the deposition or reserve and possibly require letter briefs. In the event the Court is unable to join the call, then the parties shall have the court reporter mark the transcript where the dispute arose, and the parties shall move on to further topics. Under no circumstances may the parties discontinue the deposition without first attempting to contact the Court.

    **B.** If depositions are to be taken virtually or remotely pursuant to Fed. R. Civ. P. 30(b)(4), the counsel are directed to the Court's template for a Stipulation and [Proposed] Order for the Protocol on the Conduct of Remote Depositions for guidance. Conducting in-person depositions is not always feasible. This template is an example of a stipulated order the parties can use in connection with arranging for and conducting remote depositions. The form can also be adapted for use in connection with depositions conducted by telephone. The parties are of course free to agree on whatever terms they see fit, consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court. Accordingly, the template may be modified to suit the needs of the parties and the case.

**5. Settlement Conferences**

   A. *Requests for Settlement Conference*

Judge Wicks is available to conduct settlement conferences at any stage of the case. If the parties desire a settlement conference, then a joint letter should be filed requesting a conference. The letter should contain three dates when all counsel AND party representatives with full authority to settle the matter are available, and the Court will advise of the scheduled date. All settlement conferences will be held in person or remotely depending on the circumstances and a party representative (client) with full authority must be present.

   B. *Confidential Submissions*

At least seven (7) days prior to the scheduled settlement conference, the parties shall submit confidential *ex parte* settlement statements no longer than 5,000 words double spaced, including footnotes. The submissions must address the following six areas:

1. Brief recitation of the facts, referencing ECF docket entries where appropriate.

2. Legal position, with hyperlinks to any authority cited. No need for string cites.

3. History of settlement efforts, if any.

4. Any perceived impediments to settling (e.g., monetary/non-monetary/emotional, etc.)

5. Realistic settlement position.

6. Identity of client or client representative with full authority who will appear.

If the parties intend to submit exhibits in their *ex parte* statements, parties should submit hard copies to Chambers. To the extent key documents are relied upon that have not already been filed on ECF, then the documents should be provided to the Court with the settlement statement. All settlement statements and supporting documents shall be emailed to the Court at Wicks_Chambers@nyed.uscourts.gov and NOT shared with the adversary and NOT filed on ECF.

**6. Pretrial Procedures in Cases Assigned to Magistrate Judge Wicks for All Purposes**

   A. *Joint Pretrial Orders*

The parties shall submit a joint pretrial order 5 business days prior to the pre-trial

conference. The parties are directed to meet and confer with one another for purposes of preparing the proposed pre-trial order. Unless otherwise specified in the scheduling order, the joint pretrial order shall reflect the contributions of both parties and shall include the following:

1. the full caption of the action;

2. the names (including firm names), addresses, telephone (office and cell) and email addresses of trial counsel;

3. a brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

4. a brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter, but including citations to all statutes on which the party is relying. The parties shall also list all claims and defenses previously asserted that are not to be tried;

5. a statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

6. a description of whether the parties intend to utilize electronic presentation of evidence or exhibits;

7. any stipulations or statement of facts that have been agreed to by all parties;

8. a witness list identifying all percipient or fact witnesses and expert witnesses whose testimony is to be offered in its case in chief, with an indication of whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except for good cause shown;

9. A designation by each party of the deposition testimony excerpts, identifying the same by page and line number, to be offered in its case in chief, with any cross-designations and objections by any other party;

10. a list of exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties who will be offering them. The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to attempt to resolve before trial all evidentiary issues. Only the exhibits listed will be received in evidence except for good cause shown. All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial. Where exhibits are voluminous, they should be placed in binders with tabs;

and

11. signatures, which shall appear on the last page of the order, by the parties to the action.

### B. *Filings Prior to Trial*

Unless otherwise ordered by the Court, each party shall electronically file the following items prior to the commencement date of trial as set forth below:

1. *For Jury Trials:* The following shall be filed with the Court ten (10) days prior to trial: (1) proposed *voir dire* questions; (2) a short, joint introductory statement of the case to be read to the jury during *voir dire*; (3) proposed jury charges; (4) proposed verdict sheets; (5) final witness lists; (6) final exhibit lists, including demonstratives; and (7) any stipulations of fact. In addition to filing the documents via ECF, the parties shall email Microsoft Word versions of the *voir dire* questions, joint introductory statement of the case, proposed jury charge, and proposed verdict sheet (items (1)-(4) listed above) to Chambers at: Wicks_Chambers@nyed.uscourts.gov.

   The parties should identify whether they intend to utilize electronic presentation of evidence or exhibits. Further, to the extent deposition testimony will be used, each party shall identify the excerpts of deposition testimony by page and line number to be offered in its case in chief, with any cross-designations and objections by any other party.

   Finally, upon their electronic filing, the parties shall deliver to Chambers two sets of courtesy copies of all exhibits, placed in binders with tabs.

2. *For Non-Jury Bench Trials:* The following shall be filed with the Court ten (10) days prior to trial: pre-trial memoranda of law (including the legal authority relied upon in support of the claims and defenses to be tried); final witness lists; exhibit lists, including demonstratives; marked pleadings; and any stipulations of fact;

3. *Motions in Limine:* all motions addressing any evidentiary or other issue which should be resolved *in limine* are to be filed thirty (30) days prior to trial, with a courtesy copy to Chambers. Opposition, if any, shall be filed ten (10) days thereafter, with a courtesy copy to Chambers. Replies, if any, should be made in the same manner three (3) days following the filing of the opposition. The form of papers in support of and opposing *in limine* motions shall be made by letter motion in accordance with Rule 3A above.

### 7. Conferences

#### A. Initial Conferences

Parties shall comply with Fed. R. Civ. P. 26(f) and submit their proposed discovery plan to the Court, along with the Discovery Plan Worksheet no later than 7 days prior to the scheduled Initial Conference date.

#### B. Final Pre-Trial Conferences

In cases that are not assigned to Judge Wicks for all purposes, the final pre-trial conference will be held in person in Courtroom 1020. If the assigned District Judge requires one, a proposed joint pretrial order in compliance with that Judge's requirements and signed by counsel for each party must be filed by ECF five (5) days prior to the conference. In consent cases assigned to Judge Wicks for all purposes, the parties shall comply with Rule 6, supra.

### 8. Social Security Appeals

#### A. Briefing Schedule, Filing, and Courtesy Copies

1. *Briefing Schedule:* For all cases filed on or after December 1, 2022, the parties shall comply with the procedures set forth in Administrative Order 2023-06 ("In re: Briefing of Social Security Cases") ("AO").

2. *Filing:* All motions shall be filed in accordance with the "bundling rule" described in Rule 3.C.1., *supra*. The movant(s) shall electronically file the entire set of motion papers along with the stipulations of fact, and the Administrative Record.

3. *Courtesy Copies:* After filing, the movant(s) shall mail to Chambers one hard copy of all motion papers, and stipulations of fact marked as "Courtesy Copy." Defendant shall mail to Chambers one hard copy of the Administrative Record. In all cases in which the plaintiff is represented by counsel, the parties are to electronically transmit a Microsoft Word Document version of the stipulation of facts to Chambers via the Chambers email.

#### B. Stipulation of Facts

1. In all cases in which Plaintiff is represented by counsel, parties seeking or opposing judgment on the pleadings in social security cases shall confer and prepare a stipulation of facts with a chronology of medical treatment. The stipulation of facts shall have two (2) parts, each containing numbered paragraphs.

    a. Part one shall set forth all relevant *undisputed* facts in the administrative

11

   record, including information contained in the treatment and medical records, in chronological order and with citations to the record.

  b. Part two shall set forth all relevant *disputed* facts. Each numbered paragraph shall be followed by short, and concise statements by the parties.

   Plaintiff must state its contentions as to the alleged legal errors in the Secretary's determination and/or the specific findings of the decision of the Administrative Law Judge ("ALJ") that plaintiff contends is not supported by substantial evidence. Failure to submit such a statement may constitute grounds for denial of the motion, and failure to identify a legal error or finding unsupported by substantial evidence may be deemed a waiver of such argument.

   Defendant shall include responsive statements to each of Plaintiff's contentions. The failure to include such an opposing statement may result in the striking of the opposition to the motion.

**2.** Each contention by the movant and opponent made pursuant to this rule *must* be followed by citations to the administrative record, identifying evidence supporting and/or rebutting each said contention.

  By way of example, if Plaintiff contends that the ALJ failed to properly assess Plaintiff's residual functional capacity, Plaintiff's Statement of Contentions should identify with particularity the aspects of Plaintiff's purported disability which were disregarded by the ALJ along with specific page citations identifying evidence supporting this claim. Defendant, in turn, in its Opposing Statements should provide citations identifying the evidence which it believes the ALJ *properly* relied upon in reaching a determination as to those specific findings.

## 9. Pronouns and Honorifics

The parties and counsel are encouraged to advise the Court by speaking to the Courtroom Deputy if they would like to be addressed with a particular pronoun and/or honorific — such as Ms., Mr., Mx. or other — so that the Court may do so in writing and when appearing for conferences, hearings, and trials. Attorneys are further encouraged — but not required — to identify their preferred pronouns in their signature lines in documents submitted for filing.