Levi & Korsinsky

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Michael N. Pollack | Mpollack@zlk.com

July 17, 2025

**VIA ECF**

Magistrate Judge James M. Wicks
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re: Supplemental Submission Pursuant to the Court's July 10, 2025 Order**

Dear Judge Wicks:

Pursuant to the Court's Order dated July 10, 2025, counsel for Plaintiffs and the Defendant have conferred and jointly submit this letter to clarify and resolve the inconsistencies identified by the Court.

With respect to the definition of the Class, the parties confirm that the intended Class definition encompasses all persons, even those who did not have a Facebook account. As defined in the Settlement Agreement, the class is "all persons who accessed the Limited Run Game Service in the United States and watched a pre-recorded video or purchased a video game containing a Cut Scene between January 1, 2016" to June 20, 2025. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over this Action and their immediate family members and staff members; (2) LRG, its subsidiaries, parent companies, successors, predecessors, and any entity in which the LRG has a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline (ECF No. 12-7 at 4)

As to the timeframe for the Defendant to deposit the Settlement Fund, the parties clarify that the correct and agreed-upon period is 30 days from the later of (a) Preliminary Approval; and (b) Defendant's receipt of the payee's name, address for payment, and Form W-9.  as reflected in the Settlement Agreement.  (ECF No. 12-9 at 2.1(i)). The reference to sixty (60) days in Plaintiffs' Memorandum of Law was an inadvertent error.

Regarding Defendant's position on Plaintiffs' application for attorneys' fees, the parties confirm that the Defendant agreed not to challenge or object to Plaintiffs' requested attorneys' fees, consistent with the provision in the Settlement Agreement. (ECF No. 12-9 at 22). Any contrary indication in the Memorandum of Law was unintended and corrected.

The Settlement Agreement defines the Class Period as January 1, 2016 through June 20, 2025 (the date of preliminary approval (ECF No. 12-9 at 6), whereas the *Notice* to Class Members

(Exhibit D) uses an end date of May 5, 2025. (ECF No. 12-3, 12-4, 12-5, 12-6 and 12-7). The Parties clarify that the end date is June 20, 2025, not May 5, 2025.

      The parties have worked collaboratively to address and correct inconsistencies and respectfully request that the Court consider and rely on these clarifications when reviewing Plaintiffs' pending Motion for Preliminary Approval.

      Should the Court direct, the parties are willing to amend the Class Notices and conforming papers so that every document reflects the correct Class definition, the Class Period end date of June 20, 2025, the thirty (30) day funding obligation, and Defendant's agreement not to oppose Plaintiffs' fee application.

/s/*Michael N. Pollack*
Michael N. Pollack