# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CARBONE and RYAN ADKINS, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>LIMITED RUN GAMES, INC.,<br><br>Defendant. | Civil Action No. 2:24-cv-08861-NJC-JMW<br><br>**DECLARATION OF MARK S. REICH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**DECLARATION OF MARK S. REICH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Mark S. Reich, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Levi & Korsinsky, LLP, and counsel of record for Plaintiffs in this Action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of the proposed Settlement reached between the Parties after extensive arm's-length negotiation, a true and accurate copy of which is being filed concurrently herewith. It is my opinion that the proposed Settlement in this litigation is fair, adequate, and reasonable, so as to satisfy the requirements for preliminary and, ultimately, final approval pursuant to Fed. R. Civ. P. 23.

3. Attached hereto as Exhibit A is the proposed claim form.

4. Attached hereto as Exhibit B is the proposed email notice.

5. Attached hereto as Exhibit C is the proposed mailing notice.

6. Attached hereto as Exhibit D is the proposed website notice.

7. Attached hereto as Exhibit E is the [Proposed] Order Granting Preliminary Approval of Class Action Settlement Agreement, Certifying Settlement Class, Appointing Class Representatives, Appointing Class Counsel, and Approving Notice Plan.

8. Attached hereto as Exhibit F is the Final Judgement Form.

9. Attached hereto as Exhibit G is a true and current copy of the Parties' Class Action Settlement Agreement.

## PROCEDURAL HISTORY

10. On December 27, 2024, Plaintiff John Carbone filed a putative class action in the United States District Court for the Eastern District of New York against Limited Run Games Inc. ("LRG"). The Complaint alleged violations of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.* ("VPPA"). (ECF No. 1).

11. On January 27, 2025, the Court ordered a scheduling order setting an Initial Conference for March 4, 2025 before Magistrate Judge James M. Wicks. (ECF No. 7).

12. On April 30, 2025, a Joint Status Report was filed by Limited Run Games, Inc. (ECF No. 10).

13. On May 1, 2025, the Court reviewed the Joint Status Report and set deadlines for an amended complaint on May 8, 2025, a preliminary settlement approval by June 20, 2025, and an in-person conference on July 9, 2025. (ECF No. 10).

14. On May 7, 2025, Plaintiffs John Carbone and Ryan Adkins filed an amended putative class action in the United States District Court for the Eastern District of New York. The Complaint alleged violations of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.* ("VPPA"). (ECF No. 11).

## MEDIATION AND SETTLEMENT NEGOTIATIONS

15. On April 21, 2025, the Parties engaged in a mediation with Justice Robert Dondero (Ret.) serving as mediator.

16. On April 21, 2025, the Parties negotiated at arm's-length and came to an agreement to settle the matter, as described below.

## THE SETTLEMENT AGREEMENT PROVIDES SIGNIFICANT BENEFITS TO THE SETTLEMENT CLASS

17. The Settlement resolves claims asserted against LRG relating to Plaintiffs' allegations that LRG tracked Plaintiffs' and Settlement Class Members' activity on the LRG Website without the proper consent, then disclosed to Facebook and other third parties.

18. Under the Settlement Agreement, LRG agreed to pay $2,720,000.00 into a non-reversionary Settlement Fund to resolve Plaintiffs' and Settlement Class Members' claims against LRG. The Settlement Fund will pay for: (1) costs of Notice and Settlement Administration; (2) any Service Award for the Settlement Class Representative approved by the Court; (3) any attorneys' fees and expenses approved by the Court; and (4) Settlement Payments for the Settlement Class pursuant to the Settlement. The Settlement also requires LRG to make business practices changes.

19. The "Settlement Class" means all persons who accessed the Limited Run Game Service in the United States and watched a pre-recorded video or purchased a video game containing a Cut Scene between January 1, 2016 to June 20, 2025.

20. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over this Action; (2) LRG, its subsidiaries, parent companies, successors, predecessors, and any entity in which LRG has a controlling interest and their current or former officers,

directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

21. The Settlement requires that the Net Settlement Fund (after deducting for notice and administration costs and any Court-approved Service Award to the Settlement Class Representative and attorneys' fees and expenses) be distributed pro rata to all Settlement Class Members who file timely and valid claims.

22. Any residual funds remaining in the Settlement Fund after the payment of all Claims and the expiration of time permitted to deposit Settlement Payments made by a check, shall be paid to a cy pres recipient agreed to by Class Counsel and LRG, and as approved by the Court.

### REQUEST FOR SERVICE AWARD AND ATTORNEYS' FEES AND EXPENSES

23. Under the Settlement Agreement, Plaintiffs' Counsel may move the Court for award of attorneys' fees and expenses and for payment of a Service Award to the Settlement Class Representatives of $2,500.00 each.

24. Any amount awarded by the Court for the Service Award and attorneys' fees and expenses will be paid from the Settlement Fund.

25. The Settlement is not contingent on the Court's approval of the payment of any attorneys' fees or expenses

### THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

26. The Parties agreed to the terms of the Settlement through experienced Counsel who possessed all the information necessary to evaluate the case, determine the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length.

27. My firm, Levi & Korsinsky, LLP, has significant experience in litigating class actions of similar size, scope, and complexity to this instant Action. *See* Firm Resume of Levi & Korsinsky, LLP, attached hereto as **Exhibit H**.

28. We pursued the Action and represented the interests of Plaintiffs and the Settlement Class, and have a strong understanding of the strengths and weaknesses of Plaintiffs' claims based on their experience, knowledge obtained from representing Plaintiffs, the exchange of information between the Parties, and their vigorous mediation efforts. Plaintiffs' Counsel thus have adequate information to assess the reasonableness of the Settlement.

29. Plaintiffs' Counsel recognizes that despite our belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

30. Given these litigation risks, this Settlement is an excellent result in a complex, high risk, hard-fought case that provides a substantial recovery for Plaintiffs and the Settlement Class.

31. Plaintiffs and proposed Class Counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

32. Because the Settlement represents a fair and reasonable recovery on behalf of Plaintiff and the proposed Settlement Class, Class Counsel believe that the Court should preliminarily approve the Settlement and direct Notice to be issued to the Settlement Class.

Executed this 24th day of July, 2025 at New York, New York.

*/s/ Mark S. Reich*
Mark S. Reich