# EXHIBIT D

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK**

*John Carbone et al. v. Limited Run Games Inc.*, Case No. 2:24-cv-08861

**Our Records Indicate You Have Watched a Video or Purchased a Video Game Containing a Cutscene from Limited Run Games Services and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Limited Run Games Inc. The class action lawsuit claims that Defendant, Limited Run Games Inc., disclosed its subscribers' personally identifiable information ("PII") to Meta Platforms, Inc. and/or other third parties, without consent and in violation of the Video Privacy Protection Act ("VPPA"). The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it engaged in any wrongdoing or that it violated any law, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a person in the United States who, from January 1, 2016, to and through June 20, 2025, watched a pre-recorded video through Limited Run Games Service and/or purchased a video game containing cutscenes from Limited Run Games Service. Limited Run Games Service is defined as the website LimitedRunGames.com, the iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where video content is available to be viewed by subscribers and video games containing "cut scenes" are available for purchase.

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) cash payment of the total $2,720,000.00. The Settlement Fund that will also pay out the notice and administration expenses, attorneys' fees and costs, and incentive awards.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON [DATE]** | Ask to speak in Court about your opinion of the Settlement. |

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.LIMITEDRUNGAMESSETTLEMENT.COM

| | |
|---|---|
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Nusrat Jahan Choudhury, of the United States District Court for the Eastern District of New York, is overseeing this case. The case is called *John Carbone, et al. v. Limited Run Games, Inc*,. Case No. 2:24-cv-08861. The people who have sued are called the Plaintiffs. The Defendant is Limited Run Games Inc.

### 2. What is a class action?

In a class action, one or more people called the class representative(s) (in this case, John Carbone and Ryan Adkins) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated the Video Privacy Protection Act (the "VPPA") by disclosing its subscribers' personally identifiable information ("PII") to Meta Platforms, Inc., among other third parties, without subscribers' consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. The Defendant denies that it engaged in any wrongdoing or violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.LIMITEDRUNGAMESSETTLEMENT.COM

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The **Settlement Class** is defined as:

All persons who during the Class Period in the United States, watched a video on Limited Run Games Service and/or purchased a video game containing a cutscene from Limited Run Games Service.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over this Action and their immediate family members and staff members; (2) LRG, its subsidiaries, parent companies, successors, predecessors, and any entity in which the LRG has a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline

The Class Period is January 1, 2016 through June 20, 2025.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Defendant has agreed to make $2,720,000.00 available under the Settlement (the "Settlement Fund"). Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representatives will also come out of this fund (*see* Question 13).

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a cash payment of a *pro rata* (meaning equal) portion of the Settlement Fund after the above-stated costs, expenses, administrative fees, and incentive awards have been paid out. The amount of payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund. You can contact Class Counsel to inquire as to the number of claims filed.

### 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 30 days after the Settlement has been finally approved and/or any appeals process is complete.  The payment will be made in the form of a check, unless you elect to

receive payment by PayPal or Venmo, and all checks will expire and become void 180 days after they are issued.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT <mark>WWW.LIMITEDRUNGAMESSETTLEMENT.COM</mark>

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted by clicking here [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download here [hyperlink].

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates described in Section 9 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Gucovschi & Rozenshteyn PLLC. and Levi & Korsinsky, LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the $2,720,000.00 Settlement Fund, but the Court may award less than this amount.

As approved by the Court, the Class Representatives will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representatives will seek no more than $2,500 each as an incentive award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *John Carbone, et al.*, Case No. 2:24-cv-08861 settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

> Limited Run Games Settlement
> 0000 Street
> City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *John Carbone et al. v. Limited Run Games, Inc.*,

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.LIMITEDRUNGAMESSETTLEMENT.COM

Case No. 2:24-cv-08861 and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, an explanation of the basis upon which you claim to be a Settlement Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline]**.

| **Court** | **Class Counsel** | **Defendant's Counsel** |
|---|---|---|
| The Hon. Nusrat Jahan Choudhury<br>Alfonse M. D'Amato U.S. Courthouse<br>Courtroom 1040<br>100 Federal Plaza Central Islip NY 11722 | Adrian Gucovschi<br>Gucovschi & Rozenshteyn PLLC<br>630 5th Ave STE 2000<br>New York, NY 10111<br><br>and<br><br>Mark S. Reich<br>Michael N. Pollack<br>Levi & Korsinsky LLP<br>33 Whitehall Street, 17th Floor<br>New York, NY, 10004 | Stanton R. Gallegos<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201 |

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on Month 00, 2025 in Courtroom 1040 at the Alfonse M. D'Amato US Courthouse, 100 Federal Plaza, Central Islip, NY 11722. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsels' request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.limitedrungamessettlement.com] or call [xxx-xxx-xxxx]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *John Carbone et al. v. Limited Run Games Inc.*, Case No. 2:24-cv-08861." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.limitedrungamessettlement.com. You may also write with questions to Limited Run Games Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or contact Class Counsel at example@example.com, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.LIMITEDRUNGAMESSETTLEMENT.COM