# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CARBONE and RYAN ADKINS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>LIMITED RUN GAMES, INC.,<br><br>　　　　　Defendant. | Case No.: 2:24-cv-08861 |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

　　**WHEREAS**, a Settlement Agreement, dated as of June 20, 2025 (the "Settlement Agreement"), was made and entered into by and among the following Parties: (i) John Carbone and Ryan Adkins (the "Settlement Class Representative"), individually and on behalf of the Settlement Class Members, by and through Adrian Gucovschi of Gucovschi Rozenshteyn, PLLC, and Mark S. Reich and Michael N. Pollack of Levi & Korsinsky, LLP (collectively, "Class Counsel"); and (ii) Limited Run Games ("Limited Run Games" or "Defendant"), by and through the Defendant's counsel, Stanton R. Gallegos and Adam M. Starr of Markowitz Herbold PC. ("Defendant's Counsel"); and

　　**WHEREAS**, on _____ 2025, the Court entered an Order of Preliminary Approval ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that the notice of the Settlement be disseminated to the Settlement Class; and (d) set a hearing date for final approval of the Settlement; and

　　**WHEREAS**, the notice to the Settlement Class ordered by the Court has been disseminated as ordered, according to the declaration of the Settlement Administrator filed with the Court on _____; and

　　**WHEREAS**, the CAFA Notice ordered by the Court has been provided, according to the declaration of the Settlement Administrator filed with the Court on_____; and

　　**WHEREAS**, on _____ , a final approval hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after CAFA notice was issued; and

1

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and any non-party objectors, as well as the arguments of counsel, and having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court finds that it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

3. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

4. The Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

5. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief, including the Settlement Benefits Plan. The Court finds that the Settlement is in all respects fair, adequate, and reasonable, including with respect to its opt-out provisions, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

6. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

7. Settlement Representative, Limited Run Games, the Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Settlement Agreement.

**Objections and Opt-Outs**

8. \_\_\_\_ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement approval and the objections are hereby overruled in all respects.

9. All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

10. A list of those Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of _____, filed in advance of the final approval hearing. That list is attached as Exhibit A to this Order. The persons listed in Exhibit A are not bound by the Settlement or this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Plaintiffs Releasing Parties.

**Class Certification**

11. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All persons who accessed the Limited Run Game Service in the United States and watched a pre-recorded video or purchased a video game containing a Cut Scene between January 1, 2016 and the present. "Limited Run Game Service" means the Limited Run Games website (www.limitedrungames.com) and all other digital platforms or applications owned or operated by Defendant where video content is available to be viewed and/or video games are available for purchase.

> Excluded from the Settlement Class are (1) the Judge and Magistrate Judge presiding over this Action and their immediate family members and staff members; (2) Limited Run Games, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Limited Run Games has a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

12. The Court determines that, for settlement purposes only, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representative has and will fairly and adequately protect the interests of the Settlement Class as he has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to

prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

13. For settlement purposes only, the Court grants final approval to the appointment of John Carbone and Ryan Adkins as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

14. For settlement purposes only, the Court grants final approval to the appointment, pursuant to Rule 23(g), of Adrian Gucovschi of Gucovschi Rozenshteyn, PLLC, and Mark S. Reich and Michael N. Pollack of Levi & Korsinsky, LLP as Class Counsel for the Settlement Class.

### Notice to the Settlement Class

15. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement and appear at the Final Approval Hearing, and of these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, constitutional due process, and any other legal requirements.

16. The CAFA Notice provided by Limited Run Games met all requirements of the Act.

17. The Settlement Class Representative and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

### Award of Attorneys' Fees and Service Awards

18. The Court having considered Plaintiffs' Motion for Attorney's Fees and Expenses hereby grants the Motion and awards Class Counsel (as well as any agents, vendors or experts with which they may have worked on this matter) $906,666.67 for their fees and expenses in the case, hereby extinguishing any claims for any such fees, costs or expenses as against the Defendant Released Parties. Class Counsel's fee and expense award shall be paid in accordance with the Settlement Agreement. The Court finds the amount of fees and expenses to be fair and reasonable.

19. The Court grants Settlement Class Representative a Service Award in the amount of $2,500. The Service award shall be paid in accordance with the Settlement Agreement. The Court finds that this payment is justified by his service to the Settlement Class.

20. This award of attorneys' fees and costs, and Service Award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## Other Provisions

21.     The Parties to the Settlement shall carry out their respective obligations thereunder.

22.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

23.     As of the Effective Date, each Released Claim of each Plaintiffs Releasing Party is hereby extinguished as against the Defendant Released Parties.

24.     As of the Effective Date, the Defendant Released Parties will be deemed to have been completely released and forever discharged from the Released Claims.

25.     The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendant Released Parties or prosecuting any claim based on any actions taken by any of the Defendant Released Parties that are authorized or required by this Settlement or by the Final Approval Order and Judgment. The Defendant Released Parties may plead the Settlement and/or this Final Approval Order and Judgment as a complete defense to any proceeding subject to this section.

26.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Limited Run Games of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind, or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Litigation.

27.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs or any Settlement Class Member has suffered any damage; *provided, however*, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases and waivers in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

28.     The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order and Judgment.

29. The Court hereby dismisses the Litigation and all claims therein on the merits and with prejudice as Limited Run Games, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30. Consistent with the Settlement, in the event the Effective Date does not occur, this Judgment Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement: this Judgment and all orders entered in connection herewith shall be vacated and null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

31. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement as set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

_____
JUDGE NUSRAT J. CHOUDHURY
UNITED STATES DISTRICT JUDGE