# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN CARBONE AND RYAN ADKINS,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

PLAINTIFFS,

-AGAINST-

LIMITED RUN GAMES, INC.,

DEFENDANT.

Case No.: 2:24-cv-08861

## <u>CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT</u>

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs John Carbone and Ryan Adkins ("Plaintiffs") and the Settlement Class (as defined herein) on the one hand; and (ii) Defendant, Limited Run Games, Inc. ("Defendant") on the other. Plaintiffs and Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## <u>RECITALS</u>

1.      This putative class action was originally filed on December 27, 2024, in the United States District Court for the Eastern District of New York against Defendant alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 et seq. (the "VPPA"). The material allegations of the complaint center on Defendant's alleged disclosure of personally identifiable information, as defined under the VPPA, to Meta Platforms, Inc. ("Meta"), formerly known as Facebook, without permission via the Meta Pixel, a business advertising and analytical tool offered by Meta.

2.      The Parties agreed to participate in a mediation before the Honorable Robert L. Dondero (Ret.), a former Justice of the California Court of Appeals and Superior Court in San Francisco, who is now a full-time neutral for JAMS.  At the parties' request, the Court extended Defendant's time to answer and other case deadlines pending the mediation on February 22, 2025.

3.      As part of the mediation, and in order to competently assess their relative negotiating positions, the Parties exchanged information, including on issues such as the size and scope of the putative class, and certain facts related to the strength of Defendant's potential defenses.  Given that the information exchanged was similar to the information that would have been provided in formal discovery related to the issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.

4.      The mediation took place on April 21, 2025, and lasted the entire day. At the end of the mediation, the Parties reached an agreement in principle on all material terms of a class action settlement, contingent on drafting and court approval of a full suite of settlement documents.

5.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the claim asserted in the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession

2

of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

6.    Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail or may be unable to collect a judgment. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the claims asserted in the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs believe it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendant, by and through its undersigned representative that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the claims asserted in the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1.    DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1    "Action"** means *Carbone et al. v. Limited Run Games, Inc.*, Case No. 2:24-cv-08861, pending in the U.S. District Court for the Eastern District of New York.

**1.2    "Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.  To receive a pro rata cash payment, each claimant must fill out an attestation that during the Class Period they accessed the Limited Run Games Service while in the United States and watched a pre-recorded video or purchased a video game containing a Cut Scene.

**1.3    "Claim Form"** means the document substantially in the form attached hereto as <u>Exhibit A</u>, or as approved by the Court.  The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.4    "Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no sooner than forty- five (45) days

after the Notice Date.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.5    "**Class Counsel**" means Adrian Gucovschi of Gucovschi Rozenshteyn, PLLC, and Mark S. Reich and Michael N. Pollack of Levi & Korsinsky, LLP.

1.6    "**Class Period**" means January 1, 2016 to June 20, 2025.

1.7    "**Class Representative**" means the named Plaintiffs in the Action.

1.8    "**Court**" means the U.S. District Court for the Eastern District of New York.

1.9    "**Cut Scene**" means a noninteractive video sequence that occurs between segments of a video game, which often depicts part of the game's background or storyline.

1.10    "**Defendant**" means Limited Run Games, Inc.

1.11    "**Defendant's Counsel**" means Stanton R. Gallegos and Adam M. Starr of Markowitz Herbold PC.

1.12    "**Effective Date**" means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.13    "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation or a federally insured credit union insured by the National Credit Union Share Insurance Fund.  Defendant shall cause the Settlement Fund to be deposited by into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or

instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.  The Escrow Account shall be maintained by the Settlement Administrator.

1.14    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.15    **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.16    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

1.17    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.18** **"Limited Run Game Service"** means the Limited Run Games website (www.limitedrungames.com) and all other digital platforms or applications owned or operated by Defendant where video content is available to be viewed and/or video games are available for purchase.

**1.19** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Fed. R. Civ. P. 23, and is substantially in the form of Exhibits B, C, and D hereto.

**1.20** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than thirty (30) days after Preliminary Approval.

**1.21** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than thirty (30) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.22** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.23    **"Plaintiffs"** means John Carbone and Ryan Adkins.

1.24    **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.25    **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.26    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un- accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, including but not limited to the California Consumer Privacy Act, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding any alleged disclosure, use, interception or transfer of information of or related to the Settlement Class Members through the internet, including all claims relating to the Limited Run Game Service, including all claims that were brought or could have been brought in the Action relating to the disclosure of such

information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

 **1.27**  **"Released Parties"** means Defendant Limited Run Games, Inc., as well as any and all of its respective present or past or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, sister companies, subsidiaries, divisions, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, vendors, joint ventures, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

 **1.28**  **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

 **1.29**  **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

**1.30** **"Settlement Administrator"** means Kroll or such other administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.31** **"Settlement Benefit"** means the Settlement Fund ($2,720,000.00 USD), which totals two million seven hundred and twenty thousand dollars.

**1.32** **"Settlement Class"** means all persons who accessed the Limited Run Game Service in the United States and watched a pre-recorded video or purchased a video game containing a Cut Scene between January 1, 2016 and the present.

**1.33** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.34** **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of two million seven hundred and twenty thousand dollars ($2,720,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representatives, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may

be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed two million seven hundred and twenty thousand dollars ($2,720,000.00 USD). Defendant does not make and has not made any representations regarding the taxability of the Settlement Fund or of any payments made to any party pursuant to this Agreement, including payments to Settlement Class Members, Class Representatives, Class Counsel, or the Settlement Administrator from the Settlement Fund. Class Counsel shall provide the Settlement Administrator with a completed Form W-9. The Settlement Administrator shall be responsible for issuing all required tax documents and performing all tax related reporting to taxing authorities in connection with such payments.

1.35 **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United

States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. SETTLEMENT RELIEF

### 2.1 Payments to Settlement Class Members.

i. Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($2,720,000.00 USD), as specified in section 1.33 of this Agreement, within thirty (30) days after the later of (a) Preliminary Approval; and (b) Defendant's receipt of the payee's name, address for payment, and Form W-9.

ii. Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by electronic payment method approved by the Settlement Administrator or check after deducting the Settlement Administration Expenses, any Fee Award, and any incentive award, provided that they satisfy the criteria for the cash payment portion set out in the definition of Approved Claim.

iii. The Settlement Administrator shall pay from the Settlement Fund all Approved Claims by (i) electronic payment method approved by the Settlement Administrator or (ii) check with said checks being sent via first class U.S. mail to the Settlement Class Members who submitted such Approved Claims. Payments to all Settlement Class Members with Approved Claims shall be made within ninety (90) days after the Effective Date.

iv.        All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  To the extent that any checks issued to a Settlement Class Member are not cashed within one hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $10.00 in any such secondary distribution and if otherwise feasible.  To the extent each Settlement Class Member would receive less than $10.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible (as determined by the Settlement Administrator or by mutual agreement of the Parties), any uncashed check funds shall, be returned to the Settlement Administrator to be distributed in equal amounts to a *cy pres* non-profit organization recommended by Class Counsel and approved by the Court.

v.        Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be extinguished.

**2.2    Prospective Relief.**

i.        Defendant has removed the Meta Pixel that was embedded by Defendant in Defendant's Website from pages accessible in the United States that both include video content and have a URL that substantially identifies the video content requested or obtained from that page.  This provision does not prohibit the Defendant from possessing "personally identifiable

information" (as that term is defined in the VPPA) that is generated from a source other than the Meta Pixel.

        **ii.**      Defendant will not knowingly resume operation of the Meta Pixel or use the Tik Tok tracking technologies, Google tracking technologies, or X pixel, formerly known as Twitter, on any portion of the Limited Run Service accessible in the United States to disclose to third-parties the specific video content requested or obtained by a specific individual, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision), or without VPPA-compliant consent for the disclosure.

## 3.    RELEASE

    **3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the claims asserted in the Action and any and all Released Claims, as against all Released Parties.

    **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

## 4.    NOTICE TO THE CLASS

    **4.1**    The Notice Plan shall consist of the following:

       **i.**    *Settlement Class List*. No later than fourteen (14) days after Preliminary Approval, Defendant shall produce an electronic list from its records that includes the names, email addresses, telephone numbers, and/or usernames associated with persons belonging to Persons within the Settlement Class to the extent they exist. Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information, consistent with the written consent provisions of the VPPA. This electronic document shall be called the "Settlement Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel. Class Counsel and the Settlement Administrator shall not use the Settlement Class List, or any information contained within it, for any other purposes other than administering the settlement, and shall take reasonable measures to protect the information from any third-party disclosure.

       **4.1.1**  *Direct Notice*. In the event that the Court preliminarily approves the Settlement, no later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as <u>Exhibit B</u>, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Settlement Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable: (i) correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice, and/or (ii) to the extent a mailing address is available, send Notice substantially in the form attached as <u>Exhibit C</u> via First Class U.S. Mail. In the event there are Settlement Class Members for whom the Settlement Class List contains only telephone numbers (and not an email address or mailing address), the Settlement Administrator will run those telephone numbers through a reverse telephone search to locate

associated names and mailing addresses and then use that information to send Notice substantially in the form attached as <u>Exhibit C</u> via First Class U.S. Mail.

  **4.1.2** *Reminder Notice*. Seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as <u>Exhibit B</u> (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Settlement Class List.

  **4.1.3** *Settlement Website*. Within fourteen (14) days from entry of the Preliminary Approval Order, Notice shall be provided on a website which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of <u>Exhibit D</u> hereto.

  **4.1.4** *Contact from Class Counsel*. Class Counsel, in their capacity as counsel to Settlement Class Members, may from time-to-time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement. The Defendant retains the right to communicate with and respond to inquiries from Settlement Class Members orally and/or in writing within the normal course of business, and the Defendant will instruct its employees and agents to direct inquiries about the Settlement to the Claims Administrator and Settlement Website.

  **4.2**  The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only

if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3    Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name, address, and telephone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may benefit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who properly files an appearance with the Court in accordance with the Local Rules).  No other person may sign on behalf of the objector, including an objector's attorney.

4.4    If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.  Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**4.5**     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name, address, and telephone number, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by the Person requesting exclusion.  No other person may sign on behalf of the Person seeking exclusion, including the Person's attorney.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**4.6**     The Final Approval Hearing shall be no earlier than thirty (30) days after the Notice Date.

**4.7**     Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement,

but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.    SETTLEMENT ADMINISTRATION**

5.1    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims.  Without limiting the foregoing, the Settlement Administrator shall:

i.    Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

   **ii.** Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

   **iii.** Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

   **iv.** Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

 **5.2** The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 1.2 and/or 1.3, above, or is submitted after the Claims Deadline.  Subject to practical limitations to be determined by the Settlement Administrator in its sole discretion, each claimant who submits an invalid Claim Form to the Settlement Administrator shall be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice.  The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

 **5.3** Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain

and review supporting documentation relating to such Claim Form.  The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form.  To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Honorable Robert L. Dondero (Ret.) of JAMS or another full-time neutral as selected by the Parties for binding determination.

**5.4**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.    TERMINATION OF SETTLEMENT

**6.1**     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in connection with the class action settlement in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2**     Subject to Paragraphs 9.1-9.3 below, Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement by providing written notice to Class Counsel within twenty-five (25) days of the following event: more than 500 members of the Settlement Class in total have timely and validly opted out of and/or objected to the Agreement, (ii) the Class Representative and his agents or any other individuals operating at his direction or in coordination with him, or Class Counsel, file or threaten to file arbitrations or additional lawsuits against the Released Parties related to the Released Claims at any time before the Settlement becomes Final; or (iii) more than 500 members of the Settlement Class in total file or threaten to file arbitrations or additional lawsuits against the Released Parties related to the Released Claims at any time before the Settlement becomes Final.

**6.3**     The Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or Incentive Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## 7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representatives; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A,

B, C, and D hereto.  Defendant shall have no obligation to make separate filings in support of the Motion for Preliminary Approval.  The Preliminary Approval Order, which shall be substantially similar to Exhibit E, shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

7.2    Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose.  Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Approval Order and Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective.  The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to the Actions or any other proceeding.

**7.3**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Actions as set forth herein.

**7.4**     Not later than fourteen (14) days after the Final Approval Hearing, Plaintiffs shall move the Court for an entry of Final Judgment in a form substantially similar to Exhibit F, which will (among other things):

      **i.**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

      **ii.**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

      **iii.**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of applicable rules of civil procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

iv.      find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

v.       dismiss the remaining action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

vi.      incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

vii.     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

viii.    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

ix.      incorporate any other provisions, as the Court deems necessary and just.

8.      **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD**

8.1     Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount determined by the Court as the Fee Award.  Counsel will limit its petition for attorneys' fees, costs, and expenses to no more than one-third (33.33%) of the Settlement Fund (i.e., $906,666.00) and Defendant agrees to not object to or otherwise challenge, directly or indirectly, Class Counsel's petition for reasonable attorneys' fees and for reimbursement of costs and expenses if limited to this amount.  Payment of the Fee

Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

**8.2**    The Fee Award shall be payable within five (5) business days after the Settlement becomes Final.

**8.3**    Class Counsel intends to file a motion for Court approval of incentive awards for the Class Representatives, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement.  With no consideration having been given or received for this limitation, the Class Representatives will seek no more than $2,500 each as an incentive award.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.  Such awards shall be paid from the Settlement Fund (in the form of a check to the Class Representatives that is sent care of Class Counsel), within thirty (30) days after the Effective Date.

**9.    CONDITIONS    OF    SETTLEMENT,    EFFECT    OF    DISAPPROVAL, CANCELLATION OR TERMINATION**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

  i.  The Parties and their counsel have executed this Agreement;

  ii.  The Court has entered the Preliminary Approval Order;

iii.     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

iv.     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, and fails to cure such material breach within thirty (30) days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1–9.2 above, the Parties shall be restored to their respective positions in the Actions as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Actions as if this Agreement had never been entered into.  In such event, the Defendant shall not be obligated to make any payments or provide any other monetary or non-monetary relief to

Plaintiffs or the Settlement Class Members, any attorneys' fees or expenses to Class Counsel, or any incentive awards, and the Settlement Fund shall be returned to Defendant.

## 10.  MISCELLANEOUS PROVISIONS

**10.1**    The Parties agree that Defendant need not answer the Complaint and that the Parties will not serve any further discovery on each other unless and until the Settlement Agreement is cancelled and terminated under Sections 6 and 9.

**10.2**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.3**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action were brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

**10.4**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.5**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

i.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

ii.    is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

iii.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be

necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, or counterclaim;

      **iv.**    is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      **v.**    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

    **10.6**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

    **10.7**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

    **10.8**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.9**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.   No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors- in-interest.

**10.10**   Except as otherwise provided herein, each Party shall bear its own costs and expenses.

**10.11**   Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.12**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.  Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.13**    This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.14**    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.15**    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.16**    This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**10.17**    This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.18**    Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Stanton R. Gallegos and Adam M. Starr of Markowitz Herbold PC for Defendant, and Adrian Gucovschi of Gucovschi Rozenshteyn, PLLC, and Michael N. Pollack and Mark S. Reich of Levi & Korsinsky, LLP for Plaintiffs and Settlement Class Members.

2308870.1

Dated: _____

_____
John Carbone

Dated: 06/18/2025
_____

_____
Ryan Adkins (Jun 18, 2025 17:48 EDT)

Ryan Adkins

Dated: _____

LIMITED RUN GAMES, INC.

By:_____
Brendan Madigan, Authorized Signatory

Dated: _____

GUCOVSCHI ROZENSHTEYN PLLC,

By:_____
Adrian Gucovschi
*On behalf of Plaintiffs and putative Class Members*

Dated: 06/19/2025

LEVI & KORSINSKY, LLP

By:_____
Mark S. Reich
*On behalf of Plaintiffs and putative Class Members*

Dated: 6/19/2025

DocuSigned by:

C56B3ABCD08B498...

John Carbone

Dated: _____

Ryan Adkins

Dated: _____    LIMITED RUN GAMES, INC.

By: _____
Brendan Madigan, Authorized Signatory

Dated: 6/19/2025    GUCOVSCHI ROZENSHTEYN PLLC,

By: _____
Adrian Gucovschi
*On behalf of Plaintiffs and putative Class Members*

Dated: _____    LEVI & KORSINSKY, LLP

By: _____
Mark S. Reich
*On behalf of Plaintiffs and putative Class Members*

Dated: _____        _____
                                    John Carbone


Dated: _____        _____
                                    Ryan Adkins


Dated: _06/19/2025_____        LIMITED RUN GAMES, INC.

                                    By:_____
                                    Brendan Madigan, Authorized Signatory

Dated: _____        GUCOVSCHI ROZENSHTEYN PLLC,

                                    By:_____
                                    Adrian Gucovschi
                                    *On behalf of Plaintiffs and putative Class Members*

Dated: _____        LEVI & KORSINSKY, LLP

                                    By:_____
                                    Mark S. Reich
                                    *On behalf of Plaintiffs and putative Class Members*