## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CARBONE and RYAN ADKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIMITED RUN GAMES, INC.,<br><br>Defendant. | Civil Action No. 2:24-cv-08861-NJC-JMW |

### DECLARATION OF ADRIAN GUCOVSCHI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS

I, Adrian Gucovschi, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Gucovschi Law Firm, PLLC, Class Counsel in this Action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the Bar of this Court. I make this Declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Incentive Awards and am fully competent to do so. I have personal knowledge of all matters set forth herein unless otherwise indicated, and, if called upon to testify, I could and would competently do so.

2. On December 27, 2024, Plaintiff John Carbone filed a putative class action in the United States District Court for the Eastern District of New York against Limited Run Games Inc. ("LRG"). The Complaint alleged violations of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.* ("VPPA"). (ECF No. 1).

3. On January 27, 2025, the Court ordered a scheduling order setting an Initial Conference for March 4, 2025 before Magistrate Judge James M. Wicks. (ECF No. 7).

4. On April 30, 2025, a Joint Status Report was filed by Limited Run Games, Inc. (ECF No. 10).

5. On May 1, 2025, the Court reviewed the Joint Status Report and set deadlines for an amended complaint on May 8, 2025, a preliminary settlement approval by June 20, 2025, and an in-person conference on July 9, 2025. (ECF No. 10).

6. On May 7, 2025, Plaintiffs John Carbone and Ryan Adkins filed an amended putative class action in the United States District Court for the Eastern District of New York. The Complaint alleged violations of the Video Privacy Protection Act 18 U.S.C. § 2710, *et seq.* ("VPPA"). (ECF No. 11).

7. On April 21, 2025, the Parties engaged in a mediation with Justice Robert Dondero (Ret.) serving as mediator.

8. On April 21, 2025, the Parties negotiated at arm's-length and came to an agreement to settle the matter, as described below.

9. On July 24, 2025, Plaintiffs filed a Class Action Settlement Agreement which set forth the terms and conditions agreed upon in the settlement in principle. (ECF No. 15-9). Plaintiffs also filed a Proposed Order Granting Preliminary Approval of the Class Action Settlement Agreement. (ECF No. 15-7).

10. On August 27, 2025, Magistrate Judge James M. Wicks issued a Report and Recommendation recommending on a preliminary basis: (i) approving the Class Action Settlement Agreement; (ii) certifying the Class for the sole purpose of effectuating the Settlement Agreement; (iii) appointing Plaintiffs John Carbone and Ryan Adkins as Class Representatives; (iv) and appointing Gucovschi Rozenshteyn, PLLC and Levi & Korsinsky LLP, as Class Counsel. (ECF No. 16).

11. On October 31, 2025, the Court issued a scheduling order setting a Status Conference for November 5, 2025. During the Conference, the Court reviewed the Motion for Preliminary Approval and identified necessary revisions of the proposed Notice Plan and the Release provision in the Settlement Agreement.

12. On October 10, 2025, with the assistance of Kroll, LLC, Plaintiffs filed a Letter Motion implementing the Court's edits of the Notice Plan and revision of the release provision in the Settlement Agreement.

13. On November 21, 2025, the Court issued a Memorandum and Order adopting the Report and Recommendation and granting preliminary approval of the Class Action Settlement Agreement. (ECF No. 21).

14. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length.

15. The Settlement Agreement creates a non-reversionary $2,720,000.00 Settlement Fund from which all Settlement Class Members are entitled to a pro rata share. Settlement ¶ 2.1.

16. Attorneys' fees, costs, expenses, and service awards for Plaintiffs are to be paid from the Settlement Fund in an amount determined by the Court. Settlement ¶ 8.1. The Settlement permits Class Counsel to request up to one-third of the Settlement Fund in attorneys' fees, costs, and expenses, and for Plaintiffs to receive a service award of up to $2,500 each. *Id.* ¶ 8.1, 8.3.

17. Here, Class Counsel has requested $906,666.00 in attorneys' fees and a service award of $2,500 for each Plaintiff. Our Firm has incurred costs in this Action in the amount of

$3,958.16 (Gucovschi firm expenses attached hereto as **Exhibit 3**), and Levi & Korsinsky LLP have also incurred costs, which are reflected in their declaration.

18. Plaintiffs and Class Counsel recognize that despite their belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to secure an award of damages, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain. Thus, the Settlement secures a more proximate and more certain monetary benefit to the Class than continued litigation.

19. To the best of my knowledge, while numerous putative class actions have been brought under the VPPA, few VPPA cases have made it to class certification, and courts that have adjudicated these cases have largely denied class certification. *Compare Jancik v. WebMD LLC*, 2025 WL 560705 (N.D. Ga. Feb. 20, 2025) (granting class certification of a VPPA claim); *with Martinez v. D2C, LLC*, 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024) (denying class certification of a VPPA claim); *In re Hulu Privacy Litig.*, 2014 WL 2758598 (N.D. Cal. June 17, 2014) (same); *Therrien v. Hearst Television, Inc.,* 2025 WL 509454 (D. Mass. Feb. 14, 2025) (same).

20. Further, no VPPA claim has made it past summary judgment. *In re Hulu Privacy Litig.*, 86 F. Supp. 3d 1090 (N.D. Cal. 2015) (granting summary judgment for defendant on VPPA claim); *Therrien v. Hearst Television, Inc.*, 2025 WL 1208535 (D. Mass. Apr. 25, 2025) (same).

21. Moreover, in early May 2025, the Second Circuit held in an issue of first impression that a Facebook ID and URL string sent to Facebook were not "personally identifiable information" within the meaning of the VPPA. *See Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 43 (2d Cir. 2025). Those are among the identifiers Plaintiffs allege are at issue here.

22. Plaintiffs and Class Counsel are mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiffs and the Settlement Class Members of any potential relief whatsoever.

23. My firm undertook this representation on a wholly contingent basis recognizing that the risk of non-payment has been high throughout this litigation. There were substantial uncertainties in the viability of this case as a class action, as well as substantial uncertainties in the merits of the underlying claims, and the ability to collect on any judgment that might be obtained. Although we believed the case to be meritorious, a realistic assessment shows that the risks inherent in the resolution of the liability issues, protracted litigation in this action as well as the probable appeals process, are great.

24. Gucovschi Law Firm, PLLC, is qualified and experienced in conducting class action litigation. A copy of the firm's resume is attached hereto as **Exhibit 1.**

25. Throughout this matter, Class Counsel has performed the following work on behalf of the Class: (i) conducting an extensive pre-suit investigation into Defendant's data sharing practices, including conducting an extensive analysis of Defendant's Website; (ii) drafting the initial Complaint; (iii) reviewing information produced by Defendant in aid of settlement discussions; (iv) negotiating the Settlement at arm's-length with Defendant; (v) successfully moving for preliminary approval; and (vi) managing (continuing to manage) the implementation of notice and the claims process.

26. Since the Court granted preliminary approval, Class Counsel has worked with the Settlement Administrator, Kroll Business Services ("Kroll"), to carry out the Court-ordered notice plan. Specifically, Class Counsel helped compile and review the contents of the required notice to

State Attorney Generals pursuant to 28 U.S.C. § 1715, reviewed the final claim and notice forms, and reviewed and tested the settlement website before it launched live.

27. Attached hereto as **Exhibit 2** are my firm's detailed billing diaries for this matter. I have personally reviewed all of my firm's time entries associated with this case and have used billing judgment to ensure that duplicative and unnecessary time has been excluded and that only time reasonably devoted to the litigation has been included. Class Counsel's time entries were regularly and contemporaneously recorded by myself and the other timekeepers pursuant to firm policy and have been maintained in the computerized records of Class Counsel.

28. In addition to the time enumerated above, I estimate that Class Counsel will incur an additional sixty hours preparing Plaintiffs' Motion for Final Approval, the Final Approval hearing, coordinating with Kroll, monitoring settlement administration, and responding to Settlement Class Member inquiries.

29. I am of the opinion that Mr. Carbone and Mr. Adkins's active involvement in this case was critical to its ultimate resolution. They took their roles as class representatives seriously, devoting significant amounts of time and effort to protecting the interests of the class. Without their willingness to assume the risks and responsibilities of serving as class representatives, I do not believe such a strong result could have been achieved.

30. No court has ever cut Class Counsel's fee application on the basis that our hourly rates were not reasonable.

31. Mr. Carbone and Mr. Adkins equipped Class Counsel with critical details regarding their experiences with Defendant. They assisted Class Counsel in investigating their claims, detailed their experiences as subscribers and users of Limited Run Games, supplied supporting documentation, aided in drafting the Complaints, and frequently communicated with Class

Counsel regarding settlement negotiations and strategy. Mr. Carbone and Mr. Adkins were prepared to testify at deposition and trial, if necessary. And they were actively consulted during the settlement process.

32.     In short, Mr. Carbone and Mr. Adkins assisted Class Counsel in pursuing this action on behalf of the class, and their involvement in this case has been nothing short of essential.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 12th day of December, 2025 at Miami, Florida.

*/s/ Adrian Gucovschi*
Adrian Gucovschi